IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEROME M. TOBIAS                                                                PLAINTIFF

v.                         Civil No. 06-2161

PAUL SMITH, Detective, Fort
Smith Police Department;
JAMES MARSCHEWSKI, Judge,
Sebastian County Circuit Court;
and STEPHEN TABOR, Prosecuting
Attorney, Sebastian County, Arkansas                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jerome M. Tobias, filed this civil rights action on September 7, 2006. He proceeds pro se and in forma pauperis.

On September 11, 2006, the undersigned entered an order (Doc. 5) directing the plaintiff to sign and return an addendum to his complaint. The court received the addendum (Doc. 6) on September 18, 2006.

### BACKGROUND

Tobias contends his constitutional rights are being violated in a number of ways in connection with his prosecution on criminal charges. Tobias was arrested on April 20, 2006. *Addendum* at ¶ 9. Tobias indicates he attempted to elude the police at first because unmarked trucks were pursuing him and he believed they shot at him. *Id.* Tobias slowed down and pulled over when he saw a police car pull up behind him with its lights on. *Id.* Tobias asserts a number of unidentified officers wearing masks and Paul Smith came up to him and threw him out of his truck. *Id.*

-1-

Tobias was booked into the Sebastian County Detention Center (SCDC) on April 20, 2006. *Addendum* at ¶ 1. He is incarcerated solely because of pending criminal charges. *Id.* at ¶ 2. He is charged with possession of methamphetamine with intent to deliver, possession of marijuana with intent to deliver, possession of cocaine with intent to deliver, possession of drug paraphernalia, maintaining a premises for drug sales, the criminal use of a prohibited weapon, being a felon in possession of a weapon, and two drug delivery charges. *Id.* at ¶ 2.

Tobias' house was searched pursuant to a warrant. *Addendum* at ¶ 7. Smith was the executing officer on a search warrant for Tobias' house. *Id.* at ¶ 6. Tobias asserts that Smith was not present with the warrant when the door to Tobias' house was kicked open at 6:00 p.m. Tobias also maintains Smith lied on the return when he said he left a copy of the warrant and a receipt for the items seized with Tobias' family and Tobias at 7:30 p.m. Tobias asserts he was never shown the warrant and nothing could have been left with him at 7:30 p.m. because he was already at the SCDC at that time.

James Marschewski is the judge in the criminal case against Tobias. *Addendum* at ¶ 3. Tobias has named Judge Marschewski as a defendant because of action he took in his capacity as a judge. *Id.*

Stephen Tabor is the prosecutor in the criminal case against Tobias. *Addendum* at ¶ 4. Tobias has named Tabor as a defendant solely because of actions he has taken as a prosecuting attorney. *Id.*

Tobias filed a motion to suppress in connection with the search of his home. *Addendum* at ¶ 8. According to Tobias, at the suppression hearing Smith testified he "came later." *Id.* at

¶ 7. Despite this, Tobias maintains Judge Marschewski denied the motion to suppress. *Id.* The criminal charges are still pending. *Addendum* at ¶ 5.

As relief, Tobias asks that the criminal charges be dismissed. He also asks for an award of damages for damage to his reputation.

## **DISCUSSION**

Tobias claims are subject to dismissal. First, James Marschewski, a Sebastian County Circuit Judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several

AO72A
(Rev. 8/82)

important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, §1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Tobias does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Tobias seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark.

AO72A
(Rev. 8/82)

126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Second, Stephen Tabor, a prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Tabor is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Tobias' complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Tobias can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, to the extent Tobias intends to bring a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under §

AO72A
(Rev. 8/82)

1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Similarly, a cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

Fourth, to the extent Tobias challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment." *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted). *See also Roman-Nose v. N.M. Dep't of Human Services*, 967 F.2d 435, 437 (10th Cir. 1992)(Federal courts do not have subject matter jurisdiction over § 1983 claims that effectively seek review of state court child custody determinations).

Finally, Tobias' claims that he has been falsely arrested, improperly charged, and falsely incarcerated are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

AO72A
(Rev. 8/82)

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

Clearly, *Heck* bars Tobias' false imprisonment claims. To the extent *Heck* would not bar Tobias' claims stemming from the currently pending charges, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Tobias indicates the criminal charges are currently pending. To allow Tobias' claims to proceed at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention as to these claims are appropriate.

AO72A
(Rev. 8/82)

## CONCLUSION

I therefore recommend Tobias' case be dismissed on the grounds the claims are frivolous, are asserted against individuals immune from suit, or are not cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). To the extent the claims stemming from the currently pending charges are not barred by *Heck*, abstention under *Younger* is appropriate.

**Tobias has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Tobias is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of September 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)